The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: October 15 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-30409 |
| | ) | |
| Floyd H. Mack and | ) | Chapter 7 |
| Pamela C. Mack, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING MOTION TO AVOID LIEN

This case is before the court on Debtors' motion ("Motion") [Doc. # 44] to avoid a judicial lien held by Creditor Duane J. Tillimon on their residential real property pursuant to 11 U.S.C. § 522(f) and Creditor's response [Doc. # 52]. Debtors seek to avoid a judicial lien in the amount of $11,233.53, plus interest, obtained by Creditor against Debtors' interest in their residential real estate. The court held an evidentiary hearing on the Motion that Debtors and their counsel attended in person and at which Debtors offered testimony and evidence in support of their Motion. There was no appearance by, or on behalf of, Creditor.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. The Motion is a core proceeding that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(K) and (O). Because the court finds that Creditor's judgment lien is a judicial lien avoidable under § 522(f), and for the reasons that follow, Debtors' Motion will be granted.

Creditor holds two judicial liens on Debtors' residential real estate located at 345 Boston Place, Toledo, Ohio. Debtors purchased the property in May 2009. The deed to the property shows that Debtors jointly own the property. [Debtors' Ex. D]. At the time of the purchase, the interior of the home located on the property was almost totally destroyed. Approximately four months later and after certain repairs were made, Debtors moved into the home. On February 8, 2012, the date they filed their Chapter 7 bankruptcy petition, Debtors resided, and continue to reside, at 345 Boston Place.

Although Debtors offer evidence of an appraisal of the property that was completed in 2010 that valued the property at $10,000.00, the court finds that the value has likely increased due to improvements that have since been made. The property was also valued more recently at the request of the Chapter 7 Trustee by Wayne Wilson. Wilson's opinions of value are routinely sought and relied upon in estate administration by Chapter 7 trustees assigned to cases in this court and have been relied upon by this court in other bankruptcy cases. Wilson valued the property at $12,000.00 for the Chapter 7 Trustee in this case. The court, however, credits Debtor Pamela Mack's testimony that the value of the property is approximately $15,000.00. *E.g., South Cent. Livestock Dealers, Inc. v. Security State Bank*, 614 F.2d 1056, 1061 (5th Cir. 1980)("An owner is competent to give his opinion as to value of his property, often by stating the conclusion without stating a reason."). She is more familiar with the interior of the house. And her lay opinion is supported by both the Wilson valuation and her testimony regarding and familiarity with the recent sale of other property in their neighborhood.

The balance owed by Debtors on the judgment lien debt at issue is $11,233.53 plus interest from April 18, 2005. [Debtors' Ex. B]. In addition, the court credits Debtor Pamela Mack's testimony that Debtors owe real estate taxes in the amount of approximately $500.00. Debtors owe no other debts that are secured by their home. They claim a homestead exemption under Ohio Revised Code § 2329.66(A)(1)(b) in the total amount of $43,250.00. [Debtors' Ex. A, Schedule C]. According to Debtors, the lien at issue impairs this exemption.

## LAW AND ANALYSIS

The Bankruptcy Code establishes grounds for avoiding judicial liens that impair an exemption to which a debtor is entitled. Specifically, § 522(f) provides in relevant part as follows:

> (1) Notwithstanding any waiver of exemptions . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
>
>     (A) a judicial lien . . . .

11 U.S.C. § 522(f)(1). A lien is considered to impair an exemption to the extent that the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2)(A).

Although Creditor argues in his response that the correct statutory exemption amount is $20,200.00, on April 1, 2010, as required under Ohio Revised Code § 2329.66(B), the Ohio Judicial Conference adjusted the dollar amount of the exemption under § 2329.66(A)(1)(b) to $21,625.00. As both Debtors have an interest in the real estate, both are entitled to claim the exemption, providing them with a total exemption in their residential real estate of $43,250.00 as claimed on their Schedule C.

The following calculation applies the impairment formula set forth in § 522(f)(2) to the facts in this case:

| | |
|---|---:|
| Creditor's lien at issue in Debtor's Motion: | $11,233.53 |
| Real Estate Tax lien | 500.00 |
| Exemption: | 43,250.00 |
| Total | $54,983.53 |
| Less the value of Debtor's unencumbered home: | 15,000.00 |
| Impairment: | $39,983.53[1] |

The impairment amount of $39,983.53 thus exceeds the $11,233.53 value of the Creditor's judicial lien, subjecting his lien to complete avoidance. Because Creditor's judgment lien in the amount of $11,233.53 impairs Debtors' homestead exemption as contemplated in § 522(f), Debtors' Motion will be granted and the lien will be avoided. A separate order in accordance with this Memorandum of Decision will be entered.

### 

---

[1] Although Creditor also held a second judgment lien in the amount of $1,668.00 plus interest from December 22, 2004, that judgment lien has been avoided by separate order of the court. As such, the court does not include it in the calculation under § 522(f)(2)(A). See 11 U.S.C. § 522(f)(2)(B) ("In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.").